### SCHARRATH v. DERMODY et al.

(Supreme Court, Appellate Term.    June 25, 1909.)

1. CORPORATIONS (§ 542*) — CONVEYANCE OF REAL ESTATE — INSOLVENCY — RIGHTS OF PURCHASER.

    Plaintiff, knowing that a corporation was insolvent, contracted to purchase certain real estate from it; the agreement providing for the return of earnest money in case the title should not be approved and insured by a certain trust company. All of the creditors of the corporation except one assented to the conveyance, and the trust company agreed to reserve enough out of the purchase price to pay the claim of the nonassenting creditor, and expressed its approval of the title and its willingness to insure the same. *Held*, that plaintiff was not entitled to a return of the earnest money and to refuse title on the theory that the statutes of the state of the corporation's domicile prohibited a corporation from making a conveyance while insolvent; the contract to convey being at most voidable, and not void.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 542.*]

2. VENDOR AND PURCHASER (§ 334*)—CONTRACT—RESCISSION—RECOVERY OF EARNEST MONEY.

    A purchaser of real estate cannot recover back the earnest money paid, in the absence of proof that the vendor did not offer to convey a valid title.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 334.*]

3. CORPORATIONS (§ 542*)—INSOLVENCY—CREDITORS' REPRESENTATIVES—QUASI CONTRACTUAL OBLIGATIONS.

    Where plaintiff rescinded a contract to purchase certain real estate from an insolvent corporation on the ground that the corporation could not convey a valid title, plaintiff could not recover the earnest money paid on an implied contract from representatives of the corporation's creditors, who, after receiving the money, immediately paid it to the corporation's secretary as liquidating trustee, and who used the money to satisfy the corporation's obligations.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 542.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William Scharrath against John S. Dermody and others. From a Municipal Court judgment for plaintiff, defendants appeal. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Henry G. K. Heath, for appellants.

Edmund R. Dodge, for respondent.

SEABURY, J.    The plaintiff sues to recover from the defendants the sum of $300, paid on account of a contract made by him with the

McGall Manufacturing Company for the sale of land, and $100, alleged to be the expense he incurred for legal services in searching the title to said property. The plaintiff has recovered judgment for $400 against the defendants.

The judgment must be reversed, because in no light in which the facts proved may be viewed can it be held that any liability on the part of the defendants was established. The McGall Manufacturing Company was a corporation organized under the laws of the state of New Jersey. It had formerly made a contract with one Brown to convey to him a factory site of which it was the owner. Brown brought the plaintiff to the company and surrendered his rights under his contract. A contract was executed between the McGall Manufacturing Company and the plaintiff, under which the company agreed to convey this factory site to the plaintiff, and the plaintiff agreed to pay the purchase price therein named. The McGall Manufacturing Company was insolvent at the time this contract was made. One Sawyer, the secretary of the company, had by a voluntary arrangement between stockholders, officers, and creditors been appointed a trustee of the company for the benefit of its creditors. The defendants Dermody, Reynolds, and O'Donnell are copartners doing business under the name of Hitchcock, Dermody & Co., and represented the creditors of the McGall Manufacturing Company. The plaintiff paid $300 on account of the contract. Mr. Heath, who was originally named as a defendant and against whom the action was discontinued, acted throughout the transaction as the attorney for the McGall Manufacturing Company and for the defendants Dermody, Reynolds, and O'Donnell. The following stipulation, which was entered into between the parties, shows the precise facts as to the manner in which the $300 on account of the contract was paid:

"It is admitted that on the delivery of said agreement to the plaintiff he paid down on the contract price $300, by placing two checks in the hands of defendant Heath, both of which were paid. One of these checks was for $100, and was turned by said Heath over to one M. J. Brown to refund to him an equal amount that he had paid down on a prior contract for the purchase of said land, and then held by him. That the other check was for $200, and was turned over by defendant Heath to defendant O'Donnell, and it was collected by him and the other defendants, Dermody and Reynolds, and was by those three persons turned over to William T. Sawyer, the secretary of the said McGall Company, who had also been appointed a trustee of the said McGall Company for the benefit of its creditors. Such trusteeship was constituted by a voluntary agreement of the managers and stockholders and creditors of said corporation. That defendant Heath acted in the entire transaction leading up to and concerning said agreement with the plaintiff as the attorney for the defendants Dermody, Reynolds, and O'Donnell, and others who were creditors of said Manufacturing Company, and who were trying to bring about a sale of the said lands in the interest of all the creditors of the McGall Manufacturing Company, with an honest purpose, and said Heath honestly believed that he was from that circumstance authorized to act as the attorney for said manufacturing company. That defendant Heath was not constituted the attorney of McGall Manufacturing Company by its managers, or any of its officers. That the claim against him is purely a technical one of liability, and not one that impugns his sincerity or good faith in supposing that he could properly assume to be its attorney in said transaction, because his employment by his codefendants and the creditors seemed to him sufficient authority for him to so act."

The contract of sale was executed between the McGall Manufacturing Company and the plaintiff, and contained the following clause, to wit:

"That unless the title to the said premises shall be approved and insured by the Fidelity Trust Company of the City of Newark, and unless the form and execution of the deed above provided for shall be approved by the said Fidelity Trust Company, the party of the first part will repay the said sum of $300, received upon the execution of the aforesaid contract, and the reasonable charges of the said company."

Upon the date specified for closing the contract the plaintiff's attorney raised an objection that under the New Jersey law the conveyance called for by the contract could not be made. The date for closing was adjourned from time to time, and subsequently the Fidelity Trust Company expressed its approval of and its willingness to insure the title to said premises, and a deed was duly tendered to the plaintiff, which was refused. The objection raised by the plaintiff at the time fixed for the closing of the title, and which he now urges to sustain the judgment which has been rendered in his favor, is that under the statutes of New Jersey a conveyance of real estate or an agreement to convey by a corporation of that state is void if at the time of making said conveyance or agreement the corporation is insolvent.

This statute was not offered in evidence, and is not now before us, except in so far as the allegation of the complaint, which is not denied by the answers, purports to state its substance. The evidence shows that the plaintiff was aware of the fact that the McGall Company was insolvent when it made the contract with him. It would also seem to be clear that the agreement which the McGall Manufacturing Company made was not void, but voidable merely by creditors of that company. Before the deed was tendered to the plaintiff the consent of every creditor of the McGall Manufacturing Company had been obtained to the proposed transfer to the plaintiff, with the exception of one creditor, to whom the corporation was indebted in the sum of $40, which amount the Fidelity Trust Company had agreed to reserve for the benefit of such creditor. Under these circumstances it is not by any means clear that the McGall Manufacturing Company was not in every way able and competent to convey a good title and that the deed which it tendered was not in all respects valid and regular.

The evidence as we interpret it shows a clear breach upon the part of the plaintiff to carry out the contract which he made. The plaintiff, not having proved that the McGall Manufacturing Company did not offer him a valid title, could not under any circumstances recover back the $300 he had paid on account of the purchase price. His whole cause of action rests upon the premise that the McGall Manufacturing Company was not able to convey a good title. We think that, when we apply to this statute the construction usually given to similar statutes, the agreement to convey was not void, but voidable merely. It is undisputed that the Fidelity Trust Company did approve the title and was ready to insure it, if the plaintiff had performed his part of the contract. When all of these facts are consid-

ered, in connection with the further fact that the plaintiff knew that the McGall Company was insolvent when he made the contract, and, further, that all the creditors of the McGall Company except one, for whose debt provision was made for payment, are borne in mind, we think there can be no doubt that the plaintiff did not prove that the McGall Company was unable to convey a good title.

But, even if we assume that the contention of the appellant is correct that the McGall Company had no power to make the agreement which was entered into with the plaintiff and could not give a valid deed, still we think that there is no ground upon which to hold these defendants liable. In the complaint the plaintiff sought a recovery upon the ground of fraud. There was no fraud in the transaction, and the plaintiff therefore failed in his proof in this respect. Appreciating that it was impossible to prove fraud, the plaintiff elected to proceed upon the theory of contract. The difficulty with this theory is that it does not fit the facts. There was no contract, either expressed or implied, between this plaintiff and these defendants, and the judgment which has been awarded the plaintiff upon this ground cannot stand. It is conceded that there was no express contract between these parties. The attempt is therefore made to hold the defendants upon an alleged implied contract. The facts and circumstances proved are inconsistent with the existence of an implied contract. The written contract with the McGall Company expressly provides that if it should not carry out its contract that it would return the $300 which the plaintiff paid on account. The $300 which the plaintiff paid on account of the contract of sale was received by those whom the corporation authorized to receive it and was applied in satisfaction of the claims of creditors of that corporation.

The court below held that, as the defendants received the $300, "though not held by them for their use, and although they derived no benefit from the money, * * * they rendered themselves liable as vendors who fail to carry out their own contract to sell the land." We cannot understand how this theory can be sustained. The defendants were admittedly not vendors. They were in fact merely the representatives of the creditors of the corporation, which would have been the vendor if the contract had been carried out, and with the consent of the corporation they received the money and immediately paid it to the secretary of the corporation, who was also the voluntary trustee for the benefit of the creditors of the corporation, and the money so paid was used to satisfy obligations of the corporation. The money paid to the defendants under the circumstances recited was clearly not paid under such circumstances that the law will imply a promise on the part of those receiving it to repay it. The express terms of the contract with the McGall Company, the circumstances under which the money was paid to the defendants, the disposition which they made of it, and the acquiescence by the plaintiff in the action which they took, are all repugnant to the theory that these defendants can be held liable upon an implied contract.

The judgment is reversed, and the complaint dismissed, with costs to appellants in this court and in the court below. All concur.